UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE VALINSKE (2),<br><br>Defendant. | Case No. 3:19-cr-1387-AGH-2<br><br>**PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |

WHEREAS, on April 2, 2021, a single-count Superseding Information was filed against Defendant MICHELLE VALINSKE ("Defendant") in the above-captioned case, charging her with Possession of a Controlled Substance, in violation of Title 21, United States Code, Section 844(a); and

WHEREAS, on or about April 2, 2021, Defendant pled guilty before this Court to the Superseding Information; and

WHEREAS, in her plea agreement and forfeiture addendum, Defendant agreed to forfeit to the United States the all properties seized in connection with this case, including but not limited to the following:

    a.    One (1) Ruger 10/22 semi-automatic rifle, CAL 22, SN: 0010-80115; and;

    b.    One (1) Taurus Tracker .357 magnum revolver, SN: AS503759; and

    c.    One (1) Ruger 10/22 semi-automatic rifle, CAL: 22, SN: 0010-80116; and

    d.    One (1) Remington Wingmaster 870 20-guage shotgun, SN: 541069X; and

 e. One (1) Winchester 1300 Defender, 12 gauge shotgun; SN: L2225112; and

 f. One (1) Ruger Super Blackhawk, .44 magnum revolver, SN: 80-24640; and

 g. One (1) Springfield 1911-A1, CAL: 45, SN: N524730; and

 h. One (1) Beretta 92FS Parabellum, 9 mm semi-automatic pistol, SN: BER289938Z; and

 i. One (1) Wiehrauch Windicator special revolver, CAL: 38, SN: 1567844; and

 j. One (1) Thompson Center Arms 22 Classic semi-automatic rifle, CAL: 22, SN: 5103; and

 k. One (1) 9 mm caliber magazine; and

 l. One (1) .45 caliber magazine; and

 m. One (1) 22 caliber magazine; and

 n. Three (3) 20 gauge shotgun rounds; and

 o. Two (2) Ruger BX-25 magazines; and

 p. Two (2) Ruger 10 shot magazines; and

 q. Two (2) Ruger trimags; and

 r. One (1) 15 round .9mm magazine; and

 s. One (1) round of ammunition, CAL: Unknown; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received; and

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 1 of the Superseding Information, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant MICHELLE VALINSKE in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   a. One (1) Ruger 10/22 semi-automatic rifle, CAL 22, SN: 0010-80115; and;
   b. One (1) Taurus Tracker .357 magnum revolver, SN: AS503759; and
   c. One (1) Ruger 10/22 semi-automatic rifle, CAL: 22, SN: 0010-80116; and
   d. One (1) Remington Wingmaster 870 20-guage shotgun, SN: 541069X; and
   e. One (1) Winchester 1300 Defender, 12 gauge shotgun; SN: L2225112; and
   f. One (1) Ruger Super Blackhawk, .44 magnum revolver, SN: 80-24640; and
   g. One (1) Springfield 1911-A1, CAL: 45, SN: N524730; and
   h. One (1) Beretta 92FS Parabellum, 9 mm semi-automatic pistol, SN: BER289938Z; and
   i. One (1) Wiehrauch Windicator special revolver, CAL: 38, SN: 1567844; and
   j. One (1) Thompson Center Arms 22 Classic semi-automatic rifle, CAL: 22, SN: 5103; and
   k. One (1) 9 mm caliber magazine; and
   l. One (1) .45 caliber magazine; and
   m. One (1) 22 caliber magazine; and
   n. Three (3) 20 gauge shotgun rounds; and
   o. Two (2) Ruger BX-25 magazines; and
   p. Two (2) Ruger 10 shot magazines; and
   q. Two (2) Ruger trimags; and
   r. One (1) 15 round .9mm magazine; and
   s. One (1) round of ammunition, CAL: Unknown; and

2.	The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

3.	Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4.	Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.	This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.	The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

//

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

Dated: July 27, 2021

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge